UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DIEDRA THOMPSON, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:19-cv-03220-SRC |
| NORMANDY SCHOOLS COLLABORATIVE, | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on [5] Defendant Normandy Schools Collaborative's Motion to Dismiss. The Court denies the Motion.

## I. BACKGROUND

Diedra Thompson is African American and worked for Normandy Schools in human resources from 2012 until Normandy terminated her in 2018. Thompson alleges that Normandy discriminated against her by paying her less than her white counterparts and unlawfully terminated her in retaliation for complaining about being paid less based on race.

## II. STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Plaintiff's Complaint asserts two Counts: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and (2) disparate treatment in violation of the same statute. To establish a prima facie case of retaliation, Plaintiff must demonstrate (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007). Plaintiff alleges that she complained to the Department of Labor that Defendant paid her substantially less than her white counterpart occupying the same position. Doc. 1 at ¶ 33. Plaintiff further alleges Defendant unlawfully terminated her in retaliation for her complaint to the Department of Labor. *Id.* at ¶ 40-41. Defendant does not dispute that Plaintiff adequately alleged protected activity and an adverse employment action. Instead, Defendant argues that too much time passed between Plaintiff's alleged protected activity and her termination to support an inference of retaliation. However, Plaintiff alleges that "Defendant embarked upon a campaign of nitpicking Plaintiff in response to her opposition to discrimination and in response to complaints of racially bias [sic] treatment." *Id.* at ¶ 34. If proven, this allegation will diminish the significance of the time interval between Plaintiff's complaints and her termination—because it suggests Defendant was merely 'waiting for the opportunity' to fire Plaintiff under pretext. Accordingly, the Court finds Plaintiff has adequately stated a claim for retaliation under Title VII.

Plaintiff also asserts a claim of disparate treatment on the basis of race in violation of Title VII. Title VII prohibits employers from treating employees differently with respect to the "terms, conditions, or privileges" of employment. *Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 568 (8th Cir. 2000) (citing 42 U.S.C. § 2000e–2(a)(1)). "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Id.* at 568–69. A plaintiff may prove allegations of disparate treatment by demonstrating that she was treated less favorably than similarly-situated employees outside the plaintiff's protected class. *Barge v. Anheuser–Busch, Inc.*, 87 F.3d 256, 259–60 (8th Cir. 1996). Plaintiff alleges that she was "paid less than her white counterpart [for] performing the same job as human resource coordinator" and that race was a motivating factor. Doc. 1 at ¶ 44, 53. Defendant argues that Plaintiff has failed to identify any "specific examples of similarly situated white employees who were compensated more than Plaintiff." Doc. 6 at 6. Assuming without deciding that Plaintiff must identify individuals by name at this initial pleading stage, she has done so. Plaintiff alleges that her salary as human resources coordinator was $45,800 per year, while her counterpart, Clarissa Boyd, was paid $70,000 per year for the same job. The Court finds Plaintiff has adequately stated a claim of disparate treatment on the basis of race in violation of Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that [5] Defendant's Motion to Dismiss is DENIED.

So Ordered this 31st day of March, 2020.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

3